10-1174-cv
Porter v. Donahoe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:
 RALPH K. WINTER,
 DENNY CHIN,
 CHRISTOPHER F. DRONEY,
  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

BRIAN PORTER,
  Plaintiff-Appellant,

 v.                                    10-1174-cv

PATRICK R. DONAHOE, POSTMASTER
GENERAL, UNITED STATES POSTAL SERVICE,
  Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     ARTHUR ZACHARY SCHWARTZ, Advocates
                             for Justice, Chartered Attorneys,
                             New York, New York.

FOR DEFENDANT-APPELLEE:      ERIN E. ARGO, Varuni Nelson (on the
                             brief), Assistant United States
                             Attorneys, Counsel, for Loretta E.
                             Lynch, United States Attorney for
                             the Eastern District of New York,
                             Brooklyn, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Postmaster General Patrick R. Donahoe is automatically substituted for former Postmaster General John Potter. The Clerk of Court is directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Brian Porter appeals from the district court's judgment of January 25, 2010, granting defendant-appellee's motion for summary judgment on his claim for interference with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. The judgment was entered pursuant to a memorandum decision dated January 20, 2010. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

We affirm substantially for the reasons set forth by the district court in its thorough and carefully-considered decision.

To succeed on an FMLA interference claim, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which he was entitled under the Act. See 29 U.S.C. § 2615(a)(1). In this case, a reasonable jury could only find that Porter failed to meet the requirements for FMLA leave in 2006. Therefore, the district court correctly found, as a matter of law, that defendant did not violate Porter's rights under the FMLA when he denied Porter's request for leave.

For an employee to be eligible for FMLA leave, he must have (1) been employed for at least twelve months by the employer from whom he is requesting leave and (2) performed at least 1,250 hours of service with that employer in the twelve months prior to the beginning of his leave. 29 U.S.C. § 2611; see Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 715 (2d Cir. 2001). On appeal, Porter does not dispute that in 2006 he was only eligible for FMLA leave from July 21 to August 3, and from August 18 to September 15.

When an employee is eligible and requests leave under the FMLA, "[a]n employer may require that [the] request . . . be supported by a certification issued by the health care provider" of the family member for whom the employee is caring. 29 U.S.C. § 2613(a). A certification is "incomplete" if "one or more of the applicable entries have not been completed." 29 C.F.R. § 825.305(c). A certification is "insufficient" if the entries are completed, but "the information provided is vague, ambiguous, or non-responsive." Id.

In this case, a reasonable jury could only find that the certification Porter submitted in connection with his July 29, 2006 leave request was insufficient, if not incomplete. First, Porter submitted the same piece of paper that he had submitted on March 9, 2006 (to no avail because he was not eligible on that date). The only difference was that his mother's physician re-dated the page "8/24/06." Second, and more importantly, Porter failed to answer several of the questions on

3

the form.  He did not indicate, for example, the length of time he would need to assist his mother or the number of days that he would need to be absent from work.  Porter does not dispute that he left some answers blank and that in response to other questions, he wrote, "unknown at this time."  (Pl.'s Br. 3-5).

Porter was given the opportunity to cure the deficiencies in his certification, but failed to do so.  On November 10, 2006, Porter again submitted the same form, re-dated, and with one addition:  In response to the question regarding "the length of absence required," the physician wrote, "1-5 days weekly for medical treatments and personal needs/care." (A 310).  This response was vague and unhelpful.  Moreover, answers to other questions on the form remained unanswered.  (See id.).  Again, a reasonable jury could only find that Porter failed to cure the deficiencies in his certification.  Therefore, the district court correctly found, as a matter of law, that defendant's decision to deny Porter leave did not violate his rights under the FMLA.  See 29 C.F.R. § 825.305(c).

We have considered Porter's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4